UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ANTONY LAWRENCE,

        Plaintiff,

  vs.

C.D.C.R.; JERRY BROWN; JOHN MARSHALL; M. A. COOK; L. JOHNSON; D. CONOVER; and Warden G. D. LEWIS;

        Defendants.
                                           /

No. C 12-3710 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

       Plaintiff, a prisoner at New Sacramento State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

The "Statement of Claim" section of the complaint is incomprehensible. The complaint will be dismissed with leave for plaintiff to amend to allege facts that, if believed, would make it plausible that each defendant did something that was a violation of his rights. If plaintiff chooses to amend, he shall write the facts regarding what each individual defendant did in a separate numbered paragraph. He may use additional sheets of paper if he needs more space to write. He should also write as clearly as he can. The amended complaint shall be on the court's form for prisoner section 1983 cases, with the words "First Amended Complaint" at the top of the first page.

**CONCLUSION**

1. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. The clerk shall send plaintiff a copy of the court's form for prisoner section 1983 complaints with his copy of this order.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 4, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Lawrence3710.dwlta.wpd